NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3231
_____

DELMY EDILA CORDON-IPINA;
JESLY CRISELL CASASOLA-CORDON,
                                        Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency Nos. A206-709-674, A206-709-675)

Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 18, 2017

Before:  AMBRO, VANASKIE and SCIRICA Circuit Judges.

(Filed: June 16, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

This petition for review arises from a decision of the Board of Immigration Appeals (BIA) denying Delmy Cordon-Ipina's application for asylum and withholding of removal.[1] The BIA determined that Cordon-Ipina had not established a well-founded fear of future persecution should she be returned to her home country of Guatemala. For the following reasons we will deny the petition for review.

## I.

In 2000 Cordon-Ipina was living with her family in Guatemala when her father and her brother, Hector, found a body on their property and were jailed for two years on suspicion of being involved in the murder. Both men were eventually cleared and released. Soon after their release from prison, Hector and another brother, Samuel, were shot at and Samuel was killed. Cordon-Ipina believed that Samuel was killed by the murder-victim's family as means of revenge. After the shooting, Cordon-Ipina remained with her family in Guatemala for 12 years without incident, even though she insisted she lived in fear of another attack.

In 2014, Cordon-Ipina came to the United States amid what she described as continuous threats against both her and her family. On June 11, 2014, the Department of Homeland Security commenced removal proceedings against Cordon-Ipina. She conceded that she was subject to being removed for not having been admitted or paroled

---

[1] Cordon-Ipina's minor daughter is listed as a derivative beneficiary on her application for asylum and withholding of removal. Cordon-Ipina also sought protection under the Convention Against Torture, with her minor daughter listed as a derivative beneficiary on that claim for relief. She has since abandoned her Convention Against Torture claim.

into the United States, but sought asylum on the basis of past persecution and a well-founded fear of future persecution based upon the incidents involving her family members and continuing threats of harm to family members. When asked by the Immigration Judge for specific instances of such threats, Cordon-Ipina was unable to come up with any examples.

Since the original incidents in 2000 and 2002, no harm has come to her family, including those who have continued to live in Guatemala permanently. Even before she came to the United States, the record before the Immigration Judge indicated that Cordon-Ipina was living comfortably. She was able to marry, attend school, have a child, and apply for a visa. Based on this information the Immigration Judge determined that she had not established past persecution or a well-founded fear of future persecution, and denied her asylum application.

In February of 2016, Cordon-Ipina timely appealed the decision of the Immigration Judge to the BIA. Agreeing with the Immigration Judge's determinations, the BIA dismissed Cordon-Ipina's appeal on June 30, 2016. Cordon-Ipina then timely petitioned for review of the BIA's determination that Cordon-Ipina failed to establish an objectively reasonable fear of future persecution should she be returned to Guatemala.[2]

## II.

The BIA exercised jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3), which grants it appellate jurisdiction over decisions of Immigration Judges in removal proceedings.

---

[2] Cordon-Ipina does not challenge the BIA's decision that she had failed to establish past persecution.

3

This Court's jurisdiction to review the BIA's order is controlled by section 242(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a). We defer to the BIA's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, in order to grant the petition for review the evidence on record must be such as to compel a reasonable fact-finder to conclude that the petitioner had, in fact, established the requisite fear of future persecution. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

## III.

To establish eligibility for asylum, a petitioner needs to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Wang v. Gonzales*, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, a petitioner needs to demonstrate that it is *more likely than not* that her life or freedom would be threatened if returned to her country of origin based on one of the aforementioned protected grounds. 8 U.S.C. § 1231(b)(3)(A)(emphasis added); *I.N.S. v. Stevic*, 467 U.S. 407, 429-30 (1984).

Cordon-Ipina's main evidence of generalized threats does not rise to the level of persecution necessary to achieve asylum or the higher burden under withholding of removal. *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006) ("[W]e have refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien."); *Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir. 2007) ("Abusive treatment

4

and harassment, while always deplorable, may not rise to the level of persecution."); *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution denotes extreme conduct, including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.").

Cordon-Ipina argues that too much emphasis was placed upon the interval of time between when her brother Samuel was killed in 2002 and her departure for the United States in 2014. She also contends that too much weight was accorded to the fact that members of her family, including her father, have remained in Guatemala without incident since 2002. The BIA, however, did not err in assessing these factors in determining that her fear of future persecution was not reasonable. Indeed, we have stated that "[w]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).

Finally, she asserts that evidence that other siblings and relatives have been granted either asylum or withholding of removal was disregarded. Contrary to her assertion, however, the BIA made explicit reference to this fact, but found that it was not dispositive of Cordon-Ipina's claim. We discern no error on the part of the BIA in this regard. The BIA was assessing a claim for asylum in a different context and at a point remote in time from when other family members were granted relief.

Cordon-Ipina has not brought forth evidence of any instance of violence, threats, or intimidation against herself or her family members since 2002. The record indicates

5

that members of her family have continued to live in Guatemala unharmed, and until the point in which she herself immigrated to the United States, she too lived in Guatemala without incident. On these facts we cannot say that no reasonable fact finder would have rejected her claim that she has a well-founded fear of future persecution based on any protected ground such that she should be granted asylum. Accordingly, petitioner did not satisfy the standard for being granted asylum or the higher burden for withholding of removal. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003).

## IV.

For the reasons set forth, we will deny the petition for review.